No. 5009.

WILLIAM G. JAMES *v.* JOHN E. BREAUX, Sheriff, et als.

The plaintiff, a mere mortgagee, had no right to injoin the sale of the plantation of Bovard under executions in favor of a number of creditors of said Bovard, on the grounds substantially that the sheriff was proceeding irregularly and illegally in making said sale. If the sale be null for illegality, it can not affect his rights; and if the sale be valid, his remedy would be by third oppositon to claim the proceeds of the sale.

APPEAL from the Seventh Judicial District Court, parish of Pointe . Coupee. *Hewes, J. Edward Phillips*, for plaintiff and appellant. . *T. Yoist*, for defendants and appellees.

LUDELING, C. J. The plaintiff, claiming to have a mortgage upon . the plantation of R. D. Bovard, injoined the sale of the plantation . and mules, carts, implements, etc., under executions in favor of a number of creditors of Bovard, on the grounds substantially that the sheriff was proceeding irregularly and illegally in making said sales. The judge *a quo* dissolved the injunction and the plaintiff has appealed.

We do not feel called on in this suit to decide whether or not a sugar plantation can be subdivided and sold, in accordance with the provisions of the statute enacted to carry into effect article 132 of the constitution. The plaintiff, a mere mortgagee, has no right to injoin the sale for such a cause. If the sale be null for illegality it can not affect his rights; and if the sale be valid, his remedy would be by third ; opposition to claim the proceeds of the sale. This court is burdened with too much business to undertake to decide hypothetical questions, however refined or interesting they may be.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.

Rehearing refused.